IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony Parker, | ) | C/A No.: 0:15-2871-DCN-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Boise Cascade Corp.; Jill Coleman, HR Director, | ) | |
| Defendants. | ) | |

Anthony Parker ("Plaintiff"), proceeding pro se and in forma pauperis, filed his complaint against his former employer, alleging he was wrongfully terminated. This matter comes before the court on the motion to dismiss by Boise Cascade Corp [ECF No. 37] and Plaintiff's motions to amend [ECF Nos. 46, 49]. These matters having been fully briefed [ECF Nos. 45, 44, 50, 51, 52], they are ripe for disposition.

All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion to dismiss [ECF No. 37] and Plaintiff's first motion to amend [ECF No. 46], and grant in part and deny in part Plaintiff's second motion to amend [ECF No. 49].

I.    Plaintiff's Complaint

Plaintiff's complaint contains the following factual allegations:

> I began employment with Defendant on November 10, 2014. My most recent position was Industrial Engineer. On November 16, 2014, Plaintiff, suffered a debilitating injury. I was informed by the doctor that I would not be released to return to work until December 1, 2014. I contacted Dale Treib, Plant Manager, my immediate Supervisor, informing him, I would be out of work on November 17, 2014 till seeing a specialist on November 19, 2014 via voice mail and email. I provided Defendants with daily update while out of work. The Plaintiff spoke with Jill Coleman daily and submitted doctors information regular as requested. On November 26, 2014 after informing Jill Coleman, HR Manager, through a phone conversation, my doctor was releasing Plaintiff to return to work on December 1, 2014, Jill said Dale Treib and herself decide to terminate Plaintiff employment with Boise Cascade. Jill Coleman's phone termination is different than termination letter. The Defendant terminated Plaintiffs employment after being released to return to work by doctor.

[ECF No. 1 at 2–3]. Plaintiff does not identify any causes of action, but he attached his Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). [ECF No. 1-1]. The undersigned liberally construes Plaintiff's complaint as asserting a claim of disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008, effective January 1, 2009, 42 U.S.C. §§ 12102, *et seq.* ("ADAAA").

II.     Parties

Boise Cascade Corp. and Boise Cascade Company jointly moved the court to substitute Boise Cascade Company for Boise Cascade Corp. as the corporate defendant in this case. As explained in the motion to dismiss:

> Although Plaintiff worked for Boise Cascade Company and asserts claims relating to the termination of that employment, he named Boise Cascade Corp. as the corporate defendant. But Boise Cascade Corp., which is no longer related to Boise Cascade Company, is the former name of OfficeMax Incorporated, which is now a subsidiary of Office Depot, Inc. Plaintiff worked for Boise Cascade Company; he never worked for OfficeMax.

> Further complicating matters is the fact that Plaintiff served both Boise Cascade Company and Boise Cascade Corp./OfficeMax Incorporated. Plaintiff effectuated service on Boise Cascade Company by serving it at the location where he previously worked in Chester, South Carolina, while he served OfficeMax Incorporated via its registered agent. Accordingly, since Plaintiff served both entities, Boise Cascade Company and Boise Cascade Corp. jointly move the Court to substitute Boise Cascade Company for Boise Cascade Corp. as the corporate defendant in this matter and dismiss Boise Cascade Corp. from the case.

[ECF No. 37 at 1–2]. The motion to dismiss also notes that defendant Jill Coleman formerly worked for Boise Cascade Company as a Senior Human Resources Coordinator. [ECF No. 37-1 at 2]. There is no indication Coleman has been served. *Id*.

Plaintiff's first motion to amend the complaint requests that "Defendant['s] name [be] changed to Boise Cascade Company." [ECF No. 46]. He also requests that Jill Coleman be dismissed. *Id*. Therefore, the undersigned recommends that Plaintiff's first motion to amend [ECF No. 46] be granted to the extent it requests Boise Cascade Company be substituted as the corporate defendant and defendant Jill Coleman be voluntarily dismissed. Hereinafter, the undersigned refers to Boise Cascade Company as "Defendant" for ease of reference.

III.   Merits of the Motion to Dismiss/Second Motion to Amend

    A.    Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true

3

the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

  B.  Analysis

   1.  ADA

The ADA prohibits employment discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish a prima facie case of employment discrimination based upon a disability, a plaintiff must show: (1) that he was a qualified individual with a disability; (2) that he was discharged; (3) that he was fulfilling his employer's legitimate expectations at the time of discharge; and (4) that the circumstances of his discharge raise a reasonable inference of unlawful discrimination. *See Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 n. 9 (4th Cir. 2004); *Haulbrook v. Michelin N. Am.*, 252 F.3d 696 (4th Cir. 2001). A "disability" includes:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(1). Neither Plaintiff's original complaint nor his motions to amend contain an allegation of a specific impairment, including a major life activity substantially limited by the impairment or a record of the impairment. However, Plaintiff filed a response on November 15, 2015, alleging that Defendant violated federal law under the ADA and Title VII by terminating him for being "a disabled black male over the age of 40." He argues that he suffered from "C7 radiculopathy" for more than six months. [ECF No. 45-1 at 6]. He attached his medical excuses and an undated note from his doctor confirming Plaintiff was "recently treated" for C7 radiculopathy. [ECF No. 45-2 at 9, 11–15]. Because Plaintiff's complaint contains insufficient allegations to state a claim under the ADA, the undersigned recommends Defendant's motion to dismiss be granted. However, Fourth Circuit precedent constrains the undersigned to recommend that the dismissal of Plaintiff's claims be without prejudice with leave to file an amended complaint within 15 days of the district court's order on Defendant's motion to dismiss. *See Ostrenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading[,] . . . even though the court doubts that plaintiff will be able to overcome the defects"). Because Plaintiff appears to want to add a claim for age and race discrimination, the undersigned addresses such claims.

    2.    Age Discrimination

To state a prima facie case of age discrimination pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"), Plaintiff must prove: (1) he is over the age of 40; (2) he was performing satisfactorily; (3) he

5

suffered an adverse employment action; and (4) similarly-situated employees under 40 received more favorable treatment. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). To the extent Plaintiff wished to bring a claim of age discrimination, he has likewise failed to include sufficient factual matter in his complaint to state a claim for relief. However, if Plaintiff chooses to amend his complaint, he may assert an age discrimination claim.

### 3. Race Discrimination

To the extent Plaintiff seeks to bring a claim of race discrimination, Defendant argues the court lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies. Plaintiff's EEOC Charge of Discrimination reveals that he did not check the box indicating race discrimination and did not assert any factual allegations related to race discrimination. [ECF No. 45-2]. Plaintiff has not set forth any evidence that he has exhausted any claim for race discrimination. Therefore, the undersigned recommends any such claim be dismissed with prejudice.

## IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss [ECF No. 37] and first motion to amend [ECF No. 46] be granted. The undersigned further recommends that such dismissal be without prejudice. The undersigned also recommends Plaintiff's second motion to amend [ECF No. 49] be granted as to his claims for disability and age discrimination, but denied as to a race discrimination claim. The undersigned recommends Plaintiff be allowed 15 days from the district judge's order to file an amended complaint. Plaintiff's amended complaint should

reflect Boise Cascade Company as the proper defendant. If the district judge accepts this recommendation and Plaintiff fails to file an amended complaint within 15 days of the district court's order on the motion to dismiss, the undersigned recommends dismissing this action in its entirety with prejudice.

    IT IS SO RECOMMENDED.

April 1, 2016　　　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).