# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Parker, ) | C/A No. 0:15-cv-2871 DCN SVH |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Boise Cascade Corp.; Jill Coleman, HR ) | |
| Director, ) | |
| ) | |
| Defendants. ) | |

    The above referenced case is before this court upon the magistrate judge's recommendation that defendant Boise Cascade Corp.'s motion to dismiss (ECF No. 37) be granted without prejudice and plaintiff's first motion to amend complaint (ECF No. 46) be granted. It was further recommended that plaintiff's second motion to amend complaint (ECF No. 49) be granted as to his claims for disability and age discrimination, but denied as to a race discrimination claim. It was further recommended that if plaintiff fails to file an amended complaint within 15 days of the date of the district court's order, that the action be dismissed in its entirety with prejudice.

    This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984).[1]  **Objections to the magistrate judge's report and recommendation were submitted by the plaintiff to defendant's counsel but were not filed with the court.  Defendant filed its reply to plaintiff's objections, and included plaintiff's objections in its filing.**

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, and defendant Boise Cascade Corp.'s motion to dismiss (ECF No. 37) is **GRANTED** without prejudice and plaintiff's first motion to amend complaint (ECF No. 46) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's second motion to amend complaint (ECF No. 49) is **GRANTED** as to his claims for disability and age discrimination, but **DENIED** as to a race discrimination claim.

**IT IS FURTHER ORDERED** that plaintiff shall have until June 1, 2016 to file an amended complaint.  Plaintiff's amended complaint shall reflect Boise Cascade Company as the proper defendant. If plaintiff fails to file an amended complaint by June 1, 2016, this action will be dismissed in its entirety with prejudice.

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

    **AND IT IS SO ORDERED.**

                                                                   David C. Norton
                                                                    United States District Judge

May 4, 2016
Charleston, South Carolina

                                          ***NOTICE OF RIGHT TO APPEAL***
    The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure